**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOANNA S. BROWN,** *on behalf of AB*,

                    **Plaintiff,**

    **vs.**                                                                    5:14-cv-1059
                                                                                                     (MAD/ATB)

**CAROLYN W. COLVIN,** *Acting Commissioner
of Social Security*,

                    **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**STANLEY LAW OFFICES**                  **JAYA A. SHURTLIFF, ESQ.**
215 Burnet Avenue
Syracuse, New York 13203
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **DAVID L. BROWN, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Joanna Brown filed an application for Supplemental Security Income ("SSI") payments on behalf of her daughter, A.B., on December 2, 2010, claiming a disability onset date of October 5, 2002. *See* Administrative Transcript ("T.") at 11, 149-54. Plaintiff application was initially denied on May 6, 2011, and Plaintiff made a timely request for a hearing before an Administrative Law Judge ("ALJ"). In a decision dated January 8, 2013, the ALJ found that A.B. was not disabled and denied the application. *See id.* at 8-23. The ALJ's decision became the

Commissioner's final decision on August 12, 2014, when the Appeals Council denied Plaintiff's request for review. *See id.* at 1-4.

On August 27, 2014, Plaintiff commenced this action and presented the following arguments: (1) the ALJ erred in his determination that A.B.'s impairments were not functionally equivalent to "the listings;" and (2) the ALJ did not properly weight the medical evidence. *See* Dkt. No. 12 at 10-16. In a September 28, 2015 Report-Recommendation, Magistrate Judge Baxter recommended that the Court grant Defendant's motion for judgment on the pleadings and dismiss this case. *See* Dkt. No. 14. Neither party objected to the Report-Recommendation, which is now before the Court.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge ("ALJ") makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp.

2d 301, 307 (N.D.N.Y. 2008) (citation omitted).  When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error.  *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Baxter's Report-Recommendation, the parties' submissions, the underlying record, and the applicable law, the Court concludes that Magistrate Judge Baxter correctly determined that the Court should affirm the Commissioner's decision denying Plaintiff's application for SSI benefits.  In deciding that A.B.'s impairments do not meet or medically equal a listed impairment, the ALJ considered, among other things, the testimony of A.B.'s teachers, Plaintiff, and A.B. herself, as well as A.B.'s school and medical records.  The ALJ applied the correct legal standard and the decision was supported by substantial evidence.  Moreover, the ALJ properly weighed the medical opinion evidence.  The ALJ fully explained the decision to give Plaintiff's treating physician, Dr. Dunbar, equal weight to the opinions of other medical opinions in the record.  The ALJ described in detail the substantial evidence presented that contradicted the treating physician's opinions and discussed the brief and limited nature of Dr. Dunbar's "treating" relationship with A.B.  *See* T. at 15-17.  Accordingly, the Court finds that Magistrate Judge Baxter correctly determined that the Court should grant Defendant's motion for judgment on the pleadings and dismiss this case.

Based on the foregoing, the Court hereby

**ORDERS** that Magistrate Judge Baxter's September 28, 2015 Report-Recommendation is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 9, 2015
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge